UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

OMAR SOTELO-RAMIREZ,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-03278-MMD-MDC

ORDER

## I. SUMMARY

Petitioner Omar Sotelo-Ramirez, an immigration detainee challenging the lawfulness of his ongoing federal detention, filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] (ECF No. 12 ("Petition").) Because Petitioner was unlawfully arrested in violation of his statutory and due process rights, the Court grants the Petition and orders Petitioner be released.

## II. RELEVANT BACKGROUND

Petitioner is a citizen of Mexico. (ECF No. 12 at 1.) According to the government, U.S. Border Patrol allegedly arrested Petitioner on April 25, 2022 near Naco, Arizona and processed him for expedited removal that same day. (*Id.* at 3.) Petitioner then allegedly re-entered the country in 2022. (*Id.*) He has been living and working in the United States for over four years. (*Id.* at 1.)

On September 30, 2026, Enforcement and Removal Operations ("ERO") officers arrested Petitioner following a "targeted enforcement" scheme. (*Id.* at 3.) Based on information gleaned from "open sources" and "immigration and law enforcement databases," ERO officers believed Petitioner was unlawfully in the United States. (*Id.*)

[1]Respondents filed a return (ECF No. 13) and Petitioner replied (ECF No. 14).

Officers then found a vehicle registered to Petitioner and arrested him. (*Id.*) That same day, ICE served Petitioner with a Form I-200 Arrest Warrant, a Form I-205 Warrant for Deportation/Removal, and a Form I-871 Notice of Intent/Decision to Reinstate Prior Order.[2] (*Id.* at 3.) Petitioner has been detained since his arrest. (*Id.*)

Petitioner filed a *pro se* habeas petition. (ECF No. 1.) The Court then enjoined Respondents from removing or transferring Petitioner outside of the District of Nevada. (ECF No. 3 at 1-2.) However, in their return, Respondents indicated that Petitioner was transferred out of the District of Nevada and to a staging facility in Florence, Arizona. (ECF No. 13-1 at 2.) The Court issued an order directing Respondents to confirm Petitioner's location and to show cause as to why the Court should not sanction them for violating the Court's earlier order. (ECF No. 17.) Respondents filed a response confirming they transferred Petitioner to Florence prior to the Court's order, but that Petitioner had since been transferred back into the District of Nevada as of October 22, 2026.[3] (ECF No. 18 at 1-2.) Petitioner is currently being detained at the Nevada Southern Detention Center. (*Id.* at 2.)

## III. DISCUSSION

Petitioner seeks habeas corpus relief on three grounds challenging his arrest as unlawful and in violation of his due process rights. First, Petitioner argues Respondents failed to properly reinstate his removal order because they did not provide his prior expedited removal order.[4] (*Id.* at 4, 6.) Second, Petitioner also asserts that the I-205 arrest

---

[2]Respondents filed Petitioner's Form I-205 warrant and Form I-871 notice but failed to produce the alleged underlying removal order from April 25, 2022, despite the Court's earlier order directing Respondents to produce "all immigration court orders in Petitioner's removal proceedings." (ECF No. 3 at 3.)

[3]The Court finds Respondents have satisfied the show cause order because they have demonstrated Petitioner was transferred out of the district before they were served with the Court's screening order.

[4]Reinstatement of a prior final removal order must follow the "multistep" process laid out in 8 C.F.R. 341.8(a) – (c). 8 C.F.R. §§ 341.8(a) – (c); *See Cuenca v. Barr*, 956 F.3d 1079, 1082 (9th Cir. 2020). An officer must (1) determine whether a noncitizen "has been subject to a prior order of removal" and obtain the prior order; (2) confirm "whether the [noncitizen] is in fact [the noncitizen] who was previously removed"; and (3) confirm

warrant was deficient because it was improperly signed. (*Id.* at 9.) Third, Petitioner argues the I-205 warrant was issued after he was unlawfully arrested. (*Id.* at 10.) The Court grants the Petition on the second ground.

Immigration arrests are primarily executed through two types of warrants: Form I-200 Warrants of Arrest and Form I-205 Warrants of Removal/Deportation. *See Ger V. v. Mullin*, No. 26-cv-2543-KMM/DTS, 2026 WL 1847044, at *2 (D. Minn. June 26, 2026). Form I-200 Warrants of Arrest are used to detain noncitizens suspected of immigration violations "up to the time removal proceedings are completed." 8 C.F.R. § 236.1. After removal proceedings completed, if a noncitizen received a "final administrative removal order," they are detained through a Form I-205 Warrant of Removal/Deportation. *Id.* at §§ 241.2, 241.3(a). Only select immigration officials are authorized to issue Form I-205 Warrants of Removal/Deportation. *Compare* 8 C.F.R. § 241.2(a)(1) (immigration officials authorized to issue Form I-205 warrants), *with* 8 C.F.R. §§ 236.1(b)(1), 287.5(e)(2) (much longer list of immigration officials authorized to issue Form I-200 warrants). "Courts in this jurisdiction have consistently found that the failure to follow the procedural protections surrounding arrest warrants are violations of the statutory and due process rights of noncitizens." *Mendez v. Blanche*, No. 2:26-cv-01854-MMD-BNW, 2026 WL 3181693, at *3 (D. Nev. Oct. 23, 2026) (collecting cases).

ICE served Petitioner with a Form I-205 warrant.[5] (ECF Nos. 12 at 6; 7-1 at 2-3.) The signature line designates the relevant official as "J 3229 Knight," who is identified on the title line as a "Field Office Director." (ECF No. 7-1 at 2.) However, the I-205 warrant

---

whether the noncitizen unlawfully reentered the country. *See* 8 C.F.R. §§ 341.8(a)(1) – (3).

[5]There is a dispute over whether ICE served Petitioner the I-205 warrant before or after his arrest. Petitioner points out the I-205 warrant was dated September 30, 2026 without a specific time. (ECF No. 12 at 11.) Moreover, Petitioner asserts that the I-213 record of deportability, which was prepared after Petitioner's arrest, only notes that Petitioner was served with the reinstatement order after his arrest and is silent as to the I-205 warrant. (*Id.*) Taken together, Petitioner argues, the I-213 demonstrates the I-205 was served after Petitioner's arrest. (*Id.*) However, because the Court grants the Petition on other grounds, it does not address this argument in granting relief.

was signed by "J. Oliva." (*Id.*) Moreover, there is a handwritten "for" preceding the title of "Field Office Director." (*Id.*) As Petitioner argues, the handwritten notation suggests that "J. Olivia" is signing on behalf of "J 3329 Knight." (ECF No. 12 at 9.) Additionally, as Petitioner points out, the Form I-200 warrant indicates that "J. Oliva" is an "(A) SDDO," or Supervisory Detention and Deportation Officer.[6] (ECF Nos. 12 at 9; 7-1 at 9.) Though Field Office Directors are authorized to sign a Form I-205 Warrant, Supervisory Detention and Deportation Officers are not. *See* 8 C.F.R. § 241.2(a)(1); *Mendez v. Blanche*, 2026 WL 3181693, at *3 (concluding that a "Deportation Officer" was not authorized to sign an immigration arrest warrant and therefore finding that the relevant warrant failed to comply with binding regulations). Additionally, as this Court similarly noted in *Genaro v. Blanche*, it is "unclear how an unauthorized Deportation Officer could lawfully sign on behalf of an authorized immigration official." No. 2:26-cv-03045-MMD-EJY, 2026 WL 3521628, at *2 (D. Nev. Nov. 16, 2026).

To the extent that Respondents assert that the Form I-205 was properly signed by an authorized official, Respondents waived this argument by failing to raise any substantive arguments or defenses in their Response.[7] *See United States v. Orozco*, 858 F.3d 1204, 1210 (9th Cir. 2017) (explaining that the court need not address an argument "because the U.S Attorney waived this argument by failing to address it in his answering brief"); *Jose Cruz Sibaja v. DHS*, No. 2:26-cv-2998-APG-NJK, 2026 WL 3409919, at *1 (D. Nev. Nov. 10, 2026) (finding Respondents failure to address "any of [Petitioner's] legal or factual contentions about the invalidity of the arrest" meant Respondents conceded that they did not issue a proper I-205 prior to Petitioner's arrest). Accordingly, this improperly issued Form I-205 "does not supply immigration authorities the power to arrest

---

[6]The I-871 form is also signed by "J. Oliva," who is designated as an "(A) SDDO." (ECF No. 7-1 at 4.)

[7]Instead of responding to the Petition, Respondents filed a return "certifying the true cause of detention" that merely asserted Petitioner was subject to mandatory detention and not a member of the class certified in a *Jacobo-Ramirez v. Mullin*, 834 F. Supp. 3d 1073 (D. Nev. 2026) because he was subject to a reinstatement of a prior final order of removal issued April 25, 2022. (ECF No. 13 at 1.) However, as Petitioner points out, Respondents never produced the prior order of removal. (ECF No. 12 at 7.)

or detain noncitizens like Petitioner[.]" *Djiwaje v. Bondi*, No. 2:26-cv-00344-RFB-MDC, 2026 WL 926753, at *5 (D. Nev. Apr. 6, 2026); *see Joaquin Q. L. v. Bondi*, No. 26-cv-233 (LMP/DTS), 2026 WL 161333, at *2 (D. Minn. Jan. 21, 2026) (collecting cases where judges concluded "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a).").

The Court concludes that Respondents failed to comply with binding regulations surrounding issuance of arrest warrants in violation of Petitioner's statutory and due process rights. Therefore, the Court orders Petitioner's release. *See Escobar Nerio v. Blanche,* No. 2:26-cv-02010-MMD-NJK, 2026 WL 2983494, at *3 (D. Nev. Oct. 5, 2026) (finding an immigration warrant out of compliance with regulations rendered the resulting detention "invalid *ab initio*" and ordering release) (citation omitted).

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition.

It is therefore ordered that the Petition is granted. (ECF No. 12.) Respondents must immediately release Petitioner no later than 5:00 PM on Friday, November 20, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Petitioner.

It is further ordered that Respondents ensure ICE returns all of Petitioner's personal property in their possession at the time of Petitioner's release.

It is further ordered that the parties shall file a joint status report by Monday, November 23, confirming Respondents' compliance with this Order.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED THIS 19th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE